IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Albert Marco Thomas,<br><br>Plaintiff,<br><br>vs.<br><br>Drive Automotive Industries of America, Inc., and Dan Maurer,<br><br>Defendants. | Civil Action No. 6:18-cv-00169-TMC<br><br>**ORDER** |

Plaintiff, proceeding *pro se*, filed this civil action alleging that his former employer, Defendant Drive Automotive Industries of America, Inc. ("Drive") and former manager, Defendant Maurer, retaliated and discriminated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (ECF No. 1). On May 23, 2018, Defendant Maurer filed a Motion to Dismiss. (ECF No. 23). Plaintiff responded (ECF No. 35), and Defendant Maurer replied (ECF No. 41). Plaintiff subsequently filed a sur reply. (ECF No. 42).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the court grant Defendant Maurer's Motion to Dismiss and that all claims against Defendant Maurer be dismissed with prejudice. (ECF No. 45).

1

Plaintiff was advised of his right to file objections to the Report. *Id.* at 4. Plaintiff filed timely objections (ECF No. 61), and Defendant Maurer responded to those objections (ECF No. 71).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## I. BACKGROUND

Plaintiff alleges that Defendant Maurer discriminated against him by filing a Progressive Discipline Action in Plaintiff's personnel file but not filing one against the "white team lead on A shift." (ECF No. 1 at 5). Plaintiff further contends that Defendant Maurer then filed another Progressive Discipline Action against Plaintiff two weeks later for the same offense. *Id.* Finally, Plaintiff alleges that Defendant Maurer subsequently eliminated Plaintiff's position after Plaintiff had worked for the company for ten years. *Id.* As noted in the Complaint, Defendant

Maurer is a Quality Assistant Manager for Defendant Drive, Plaintiff's former employer. *Id.* at 1.

Plaintiff contends that all of this was in retaliation against Plaintiff and that it was also discriminatory based on his race, in violation of Title VII. *Id.* at 4. Plaintiff states that he "suffered from pain and suffering, inconvenience, [and] mental anguish . . . physical injuries" and lost wages. *Id.* at 6. Plaintiff further claims that he suffered damage to his reputation and character. *Id.* As a result, Plaintiff seeks sixty thousand dollars as relief. *Id.*

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss

. . . , factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citations omitted).

Therefore, a plaintiff's complaint only needs to include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, when "evaluating a civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)," the court must be "especially solicitous of the wrongs alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal citations omitted). Furthermore, when the plaintiff proceeds *pro se*, the court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, this requirement of liberal construction does not mean that this court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim for relief. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III.  DISCUSSION

In his Report, the magistrate judge recommended that Defendant Maurer's Motion to Dismiss (ECF No. 23) be granted because employees and supervisors are not liable in their individual capacities for violations of Title VII." (ECF No. 45 at 2) (citing *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998)). In

his objections, Plaintiff simply reiterated his allegations against both Defendant Drive and Defendant Maurer and stated the he disagreed with the magistrate judge's determination that a supervisor cannot be held individually liable under Title VII. (ECF No. 61).

Plaintiff cited multiple cases in support of his contention that a supervisor can be liable individually for violations of Title VII. *Id.* However, notably, none of these cases relate to claims for violations of Title VII. *See Jones v. Lodge at Torrey Pines P'ship*, 173 P.3d 232 (Cal. 2008) (holding that nonemployer individuals may not be held personally liable under the Fair Employment and Housing Act); *Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692 (W. Va. 1982) (holding that a supervisor could be found individually liable for the state law tort of retaliatory discharge in West Virginia); *Frampton v. Cent. Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973) (holding that an employee may file a claim for retaliatory discharge pursuant to the Indiana Workman's Compensation Act or the Indiana Workmen's Occupational Diseases Act). Furthermore, none of these cases affect the binding precedent in the Fourth Circuit, which, as the magistrate judge correctly noted, states that "[e]mployees are not liable in their individual capacities for Title VII violations." *Lissau*, 159 F.3d at 178; *see also, Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Title VII does not authorize a remedy

against individuals for violation of its provisions."). Accordingly, the court overrules this objection.

## IV.　CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 45) and incorporates it herein. Accordingly, Defendant Maurer's Motion to Dismiss (ECF No. 23) is **GRANTED**. Therefore, all claims against Defendant Maurer are hereby **DISMISSED with prejudice**.[*]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
Timothy M. Cain<br>
United States District Judge

October 22, 2018
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] Plaintiff's claims against Defendant Drive are unaffected by this Order and will remain pending before the court.